UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**NOT FOR PUBLICATION**

| | : | |
|---|---|---|
| SERGEY BONDARENKO | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 07-3753 (PGS) |
| | : | |
| v. | : | |
| | : | |
| HACKENSACK UNIVERSITY | : | **OPINION AND ORDER** |
| MEDICAL CENTER | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**INTRODUCTION**

Presently before this Court is an application by Plaintiff Sergey Bondarenko ("Plaintiff") for appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915(e)(1). (Docket Entry # 8-4). For the reasons set forth below, Plaintiff's application is **DENIED**.

**BACKGROUND**

On August 9, 2007 Plaintiff submitted a Complaint, brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") alleging that Hackensack University Medical Center ("Defendant") discriminated against him because of his national origin as a Russian immigrant. Specifically, Plaintiff alleges that since he was hired as a security officer in 2002 he has applied for several promotions and all of them have been denied. Further, he alleges that he has the requisite qualifications to fill the positions for which he applied but was denied advancement because of his national origin and lack of connections to Defendant's human resources department. On February 4, 2008, Plaintiff filed the present application for the appointment of

*pro bono* counsel. (Docket Entry # 8-4).

## DISCUSSION

**A.     Legal Standard**

A civil litigant does not enjoy a constitutional or statutory right to appointed counsel. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (*citing Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997)).  However, district courts retain statutory authority to request the appointment of *pro bono* counsel for indigent civil litigants.  28 U.S.C. § 1915(e)(1).  While Congress has empowered district courts to "request" counsel for civil litigants, however, courts cannot force an unwilling attorney to serve as counsel.  *Id*. (*citing* 28 U.S.C. § 1915(e)(1)); *see also Christy v. Robinson*, 216 F.Supp.2d 398, 406, n. 16 (D.N.J. 2002) (citing *Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 301 (1989)).  Finally, the decision to appoint counsel may be made at any point in the litigation and may be made by a district court *sua sponte*.  *Tabron v. Grace*, 6 F.3d 147, 156 (3d Cir. 1993).

When exercising its discretion under § 1915, this Court must follow the analytical framework set forth in a trilogy of Third Circuit decisions.  *Tabron*, 6 F.3d at 153; *Parham v. Johnson*, 126 F.3d 454 (3d Cir. 1997); *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002).  This framework begins with a threshold assessment of the merit of the claimant's case. *Montgomery*, 294 F.3d at 499.  After finding "some arguable merit in fact and law," district courts in the Third Circuit must weigh several *Tabron* post-threshold factors.  *Id*. at 500.  These factors – designed to ensure that courts do not appoint counsel in frivolous cases – include: 1) the plaintiff's ability to present his case; 2)  the difficulty of the particular legal issues; 3) the degree

to which factual investigation will be necessary and the ability of the plaintiff to pursue an investigation; 4) the extent to which a case is likely to turn on credibility determinations; 5) whether the case will require testimony from expert witnesses; and 6) the plaintiff's capacity to retain counsel on his own behalf.  *Id*. (citing *Tabron*, 6 F.3d at 155-57); *see also Parham*, 126 F.3d at 461 ("The *Tabron* factors will ensure that courts do not appoint counsel to frivolous cases.").

When weighing the *Tabron* post-threshold factors, district courts must remain mindful of certain considerations.  First, the list is not exhaustive.  *Id*. (*citing Parham*, 126 F.3d at 457 ("this list of factors is not exhaustive, but should serve as a guidepost for the district courts")).  Next, "where a plaintiff's case appears to have merit and most of the aforementioned factors have been met, courts should make every attempt to obtain counsel." *Parham*, 126 F.3d at 461.  Third, district courts "should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Montgomery*, 294 F.3d at 499 (*citing Parham*, 126 F.3d at 458).

B.     **Application of the *Tabron* Factors**

   1.     **Threshold Analysis of Merit in Fact and Law**

At the outset, this Court must assess whether Plaintiff's claim – brought pursuant to Title VII of the Civil Rights Act of 1964 – has "some arguable merit in fact and law." *Tabron*, 6 F.3d at 155.  Title VII provides, in relevant part, that it "shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of

employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a).  To establish a prima facie case under Title VII, a plaintiff may either present direct evidence of discriminatory intent or may satisfy the four factors set forth in *McDonnell Douglas v. Corp. v. Green*, 411 U.S. 792, 802 (1973): 1) he is a member of a protected class; 2) he was qualified for the position; and 3) he suffered an adverse employment decision (i.e. termination or failure to receive a promotion) under circumstances that give rise to an inference of unlawful discrimination.  *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981); *Gonzalez v. Passaic County Probation*, No. 04-3001, 2005 U.S. Dist. LEXIS 18890 at *11 (D.N.J. August 24, 2005) (analyzing Title VII in the context of an application for *pro bono* counsel).  Once the plaintiff establishes a prima facie case the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for the adverse employment action.  If the defendant successfully articulates a non-discriminatory reason, the burden of production returns to the plaintiff to prove that the proffered reasons were a pretext to discriminate.

In this case, Plaintiff appears to have established the prima facie elements of a Title VII claim.  As a Russian immigrant, Plaintiff is a member of a protected class.  Further, Plaintiff has introduced documentation including his college transcript, a letter of recommendation, and several applications for promotion or transfer with positive comments about his work performance. (Docket Entry # 8-1).  This documentation serves as sufficient evidence to satisfy the second prong of the prima facie case.  Finally, Plaintiff has provided evidence that he was subject to an adverse employment action by being denied promotions on at least seven occasions for various positions within Defendant's organization.  Each of these positions, moreover, was

allegedly filled by a non-immigrant with less seniority and less education than Plaintiff. Given the above allegations and documentary support, Plaintiff surpasses the threshold requirement of presenting claims with "some arguable merit in law and fact."  The Court, therefore, proceeds to the *Tabron* post-threshold analysis.

    2.    **Application of the *Tabron* post-threshold factors**

    **(i) Plaintiff's ability to present his own case**

A plaintiff's ability to present his or her own case is the most significant factor of the *Tabron* post-threshold factors.  *Montgomery*, 294 F.3d at 501.  Various factors play a role in this analysis, including the plaintiff's education, literacy, prior work experience, and prior litigation experience, along with a plaintiff's ability to understand English.  *Id.*  Additionally, courts should examine whether plaintiff has access to "necessary resources like a typewriter, photocopier, telephone, and computer."  *Parham*, 126 f.3d at 459.

Plaintiff has the equivalent of a Master's degree in Mechanical Engineering from a Russian university.  Plaintiff speaks both Russian and English, but his first language is Russian.  Despite the language barrier and barring some minor spelling errors, Plaintiff has done an adequate job presenting his initial case to the Court and his adversaries.  To date, Plaintiff has correctly filed his Complaint and has requested a stay of proceeding pending his trip to Russia.  Additionally, Plaintiff's submissions have all been typed.  Seeing as Plaintiff has access to a typewriter or computer, has a high level of education and has thus far managed to navigate the legal system, this first factor weighs against the appointment of *pro bono* counsel.

### (ii) The complexity of the legal issues

To assess the complexity of legal issues for purposes of appointing counsel, "courts must still look to the proof going towards the ultimate issue and the discovery issues involved." *Id.* The Third Circuit has stated that "where the law is not clear, it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis." *Tabron*, 6 f.3d at 156.  In the instant case, plaintiff's factual claims are easy to understand, and the legal issues involved are straightforward.  Thus, this factor weighs against appointment of counsel.

### (iii) The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation

The third *Tabron* post-threshold factor considers whether the plaintiff will be able to conduct factual investigations using the discovery tools available under the Federal Rules of Civil Procedure.  *Montgomery*, 294 F.3d at 503.  Generally, district courts give weight to an incarcerated individual whose confinement limits his ability to conduct discovery and investigate facts.  *Montgomery*, 249 F.3d at 253.  That situation is not present here, and in fact, Plaintiff has already submitted several documents in support of his claim. (Docket Entry #8-1).  Nothing in the record indicates that Plaintiff is unable to conduct discovery, nor that a tremendous amount of discovery is necessary to maintain this litigation.  Thus, this factor does not weigh in favor of the appointment of counsel.

### (iv) The amount a case is likely to turn on credibility determinations

District courts should find this *Tabron* post-threshold factor in favor of appointment of

-6-

counsel where the case will become a "swearing contest." *Parham*, 126 F.3d at 460 ("[W]hen considering this factor, courts should determine whether the case was a solely a swearing contest..") Based on the initial pleadings, this case has some elements of a swearing contest. Plaintiff claims that Defendant discriminated against him when they did not promote him, while Defendant claims that the lack of promotions were due to legitimate non-discriminatory reasons. This factor, therefore, weighs slightly in favor of appointment of counsel.

### (v) Whether the case will require the testimony of expert witnesses

The Court may appoint counsel when the case will require expert testimony. *Montgomery*, 294 F.3d at 503. There is no indication that this case will require any expert testimony and accordingly this factor does not weigh in favor of the appointment of counsel.

### (vi) Whether the plaintiff can attain and afford counsel on his own behalf

Before appointing counsel the court should consider whether an indigent plaintiff could retain counsel on his or her own behalf. If counsel is easily attainable and affordable by the claimant, but they have made no effort to retain an attorney, then counsel should not be appointed by the court. In the instant case, Plaintiff has not applied to proceed *in forma pauperis*. Furthermore, his motion to appoint counsel does not address whether he can afford to retain counsel.

Plaintiff has indicated his unsuccessful efforts to obtain counsel include: 1) contacting the Bergen County Bar Association who referred two attorneys that were not interested in proceeding with the case; 2) contacting the Equal Employment Opportunity Commission for "an affordable legal advisor"; and 3) contacting several attorneys on his own who did not want to take the case.

Thus, Plaintiff has certainly made efforts to retain counsel on his own behalf.  While more efforts can be made, at present this factor counsels in favor of appointment of counsel.

## CONCLUSION

A balancing of the factors set forth above weighs against granting Plaintiff's application for *pro bono* counsel.  Only the fact that credibility determinations may be involved and the fact that Plaintiff has attempted to find counsel weigh in favor of granting the application.  Considering, however, Plaintiff's ability to present his claims, the relative lack of factual and legal complexity to his claims, and the fact that he can conduct his own factual investigation into the merits of his case, Plaintiff's application for the appointment of *pro bono* counsel is **DENIED.**

**SO ORDERED**.

*s/ Esther Salas*
**Esther Salas**
**UNITED STATES MAGISTRATE JUDGE**